# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| NADIM KAWJA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:09-cv-1055 |
| | ) |
| ERIC H. HOLDER, JR., Attorney General | ) |
| of the United States, *et al.* | ) |
| | ) |
| Defendants. | ) |

## Memorandum Opinion

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, for Failure to State a Claim, pursuant, respectively, to FED. R. CIV. P. 12(b)(1) and (6). Upon consideration of the Motion, the briefs submitted in favor and opposition thereto, and for the reasons that follow, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

### I. Background

The Court considers, and assumes as true, the jurisdictionally relevant facts as alleged in the complaint, and draws all inferences in Plaintiff's favor. *See Motley v. Virginia State Bar*, 403 F.Supp.2d 468, 471 (E.D.Va. 2005). Plaintiff Nadim Kawja seeks review of the Administrative Appeals Office's ("AAO") April 30, 2009 dismissal of his appeal arising from the denial of his temporary resident application.

Kawja is a native and citizen of Bangladesh, but currently resides in the Commonwealth of Virginia. Compl. at ¶1. Kawja had sought to adjust his legal status to that of a "temporary resident" pursuant to the Immigration Reform and Control Act of 1986 ("IRCA") which established an amnesty program for aliens who have continuously and unlawfully resided in the United States since January 1, 1982. Pub. Law No. 99-603,

1

100 Stat. 3359 (codified at 8 U.S.C. § 1255a). Kawja did so by filing a Form I-687, Application for Temporary Resident under Section 245A of the Immigration and Nationality Act, a Form I-687 Supplement, CSS/Newman Class Membership, and an additional three affidavits by persons who claimed to have known Kawja since the 1980s. Compl. at ¶¶ 4,5.

The United States Citizenship and Immigration Service ("USCIS") District Director denied Kawja's application. In dismissing Kawja's appeal of the USCIS' decision, the AAO found that Kawja did not establish a continuous physical presence since 1986, which is required under the statute. *See* 8 U.S.C. § 1255a(3). Kawja challenges the AAO's decision as arbitrary and capricious and otherwise not in accordance with law under the Administrative Procedure Act, 5 U.S.C. § 706.

## II. Procedural Posture

Kawja filed his Complaint before this Court on September 19, 2009. Defendants filed a Motion to Dismiss on December 4, 2009.

## III. Legal Standard

Defendants' 12(b)(1) motion presents a facial attack to the Complaint's allegations of subject matter jurisdiction. Accordingly, the Court presumes the veracity of all factual allegations in the Complaint. *Com. of Puerto Rico ex rel. Quiros v. Alfred L. Snapp & Sons*, 632 F.2d 365 (4th Cir.1980), *aff'd*, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982). The Court also draws all reasonable inferences in the plaintiff's favor. *Johnson v. Mueller*, 415 F.2d 354 (4th Cir.1969).

## IV. Analysis
### a. Defendants' 12(b)(1) Motion to Dismiss

Defendants argue that the Court lacks subject matter jurisdiction to entertain Plaintiff's "appeal" or otherwise provide judicial review of the AAO's decision. The Court agrees.

Kawja applied to change his legal status pursuant to the amnesty program established by the IRCA.[1] The IRCA plainly provides that there shall be no judicial review of an application for adjustment of legal status "except in accordance with this subsection." *See* § 245A(f)(1); 8 U.S.C. § 1255a(f)(1).[2] Under subsection 245A(f), a federal court may review the denial of an application for adjustment of status only in conjunction with the review of a deportation or removal order. § 245A(f)(4)(A), 8 U.S.C. § 1255a(f)(4)(A) ("There shall be judicial review of such a denial *only in the judicial review of an order of deportation under section 1105a of this title* (as in effect before October 1, 1996)")(emphasis added). Thus, as the Supreme Court acknowledged over fifteen years ago, "§ 1255a(f)(4)(A) allows judicial review of a denial of adjustment of status *only on appeal of 'an order of deportation.'*" *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 55, 113 S.Ct. 2485, 2494 (1993)(citations omitted)(emphasis added).[3]

In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which involved some Congressional revamping of the Immigration and Naturalization Act, particularly in the area of judicial review. Section

---

[1] In 2004, as a result of a class-action, the USCIS agreed to extend the time in which individuals could apply for temporary resident status under the 1986 IRCA program. *See Catholic Soc. Serv. v. Ridge, et al.*, No. Civ. S-86-1343-LKK (E.D. Cal. Jan. 23, 2004) (unpublished); *Newman, et al. v. USCIS, et al.*, No. CV 87-4757-WDK (C.D. Cal. Feb. 18, 2004) (unpublished). Without elaborating a great deal on this history, Plaintiff Kawja apparently claims to fall in this class.

[2] Plaintiff invokes the Administrative Procedure Act, 5 U.S.C. §551 *et seq.*, which provides that courts may provide judicial review of "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. However, that provision, like the rest of the APA, is only applicable to the extent that "no statutes preclude judicial review." *Id.* at §701(a)(1).

[3] Further, had Plaintiff been subjected to a removal proceeding, this Court would still be an inappropriate avenue of judicial review, as that appeal is properly filed before the Court of Appeals. *See* 8 U.S.C. § 1252(a)(5).

1255a(f)(4)(A) had originally provided that "[t]here shall be judicial review of such denial only in the judicial review of an order of deportation under section 1105a of this title." *Orquera v. Ashcroft*, 357 F.3d 413, 417 (4th Cir.2003). In enacting the IIRIRA, Congress repealed §1105a, replacing it with §1252, which is referenced in 1255a(f)(4)(A), but left the reference to the repealed § 1105a in the so-called "exclusive review" provision of § 1255a. *Id.* at 418. Only a parenthetical was added: "There shall be judicial review of such denial only in the judicial review of an order of deportation under section 1105a of this title *(as in effect before October 1, 1996).* 8 U.S.C. § 1255a(f)(4)(A) (2000) (emphasis added). Thus, as other jurisdictions note, it seems Congress intended to leave the already-established "exclusive review" scheme in place, even after the IIRIRA amendments. *See, e.g., Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1077 (9th Cir. 2005).

Recently, in *Orquera*, this Circuit analyzed § 1255a(f)(4)(A) in light of the 1996 IIRIRA amendments, and interpreted it as providing the relevant court of appeals with jurisdiction to review a denial of an adjustment of status application together with its review of a "removal order." 357 F.3d 413 at 422-23. *See also Guzman-Andrade*, 407 F.3d at 1076-77 (same). In doing so, the Fourth Circuit emphasized, as it had held prior to the IIRIRA amendments, that "a court can review the denial of an application for amnesty only as provided in subsequent jurisdictional provisions set forth in IRCA at § 1255a(f)(4)(A)-(C)." *Orquera*, 357 F.3d at 417. *See also Farrokhi v. INS*, 900 F.2d 697, 704 (4th Cir. 1990) ("The statutory and regulatory scheme makes it quite clear that...[i]f an applicant receives an adverse initial amnesty decision, his appeal lies with the Associate Commissioner, Examinations.") (internal citations omitted)).

Plaintiff cites *Orquera* for the proposition that § 1255a(f)(4)(A), after its amendment by IIRIRA, now permits judicial review of individual amnesty denials by the USCIS or AAO. The Court simply cannot agree with such a reading of *Orquera*. Rather, that case addressed whether, after the IIRIRA substituted §1105a with §1252, a court of appeals could entertain a challenge to an amnesty decision *in conjunction with* an appeal of a removal order. *Orquera*, 357 F.3d at 418. While the Fourth Circuit answered that question in the affirmative, this does not seem to aid Plaintiff at all on the salient question here, which is whether the Court has jurisdiction to provide judicial review for an amnesty decision in the *absence* of an order of removal. *See Guzman-Andrade*, 407 F.3d at 1077 ("judicial review of § 1255a denial requires that the alien be in deportation proceedings").

In a very similar case, *Hussain v. U.S.*, 2009 WL 2413260 at *3 (E.D.N.Y. August 3, 2009), the Eastern District of New York recently concluded that it was without subject matter jurisdiction over an alien's petition for writ of mandamus – essentially seeking judicial review of the USCIS and AAO's denial of the alien's petition for adjustment of status – because, like Plaintiff Kawja here, no order of removal had been entered against the petitioning alien. *See also Qureshi v. Admin. Appeals Office of CIS*, No. 1:08-CV-2281, 2009 WL 2045157, at *4 (M.D. Pa. Jul. 9, 2009) ("federal courts lack jurisdiction to entertain an aggrieved applicant's appeal of an adjustment of status decision that is unaccompanied by a final order of removal").

Plaintiff argues that restricting judicial review of the USCIS' decision to the AAO level until an order of removal is entered deprives him of any recourse because such an order of removal may never be entered. Further, the confidentiality provisions set forth at

5

§1255a(c)(5)(A)-(E) prevent information provided by an individual in his or her amnesty application from being used to identify the applicant and begin deportation proceedings.

While the Court understands the quandary this imposes on applicants like Kawja, "nothing prevents petitioner himself from requesting that removal proceedings be commenced against him. In the event that a removal order were issued against petitioner, he could then obtain judicial review of USCIS's denial." *Hussain*, 2009 WL 2413260 at *4. *See also Reno*, 509 U.S. at 55 n.16 ("Although aliens have no explicit statutory right to force the INS to commence a deportation proceeding, the INS has represented that 'any alien who wishes to challenge an adverse determination on his legalization application may secure review by surrendering for deportation at any INS district office'"). In fact, this is precisely the procedure the petitioning individuals followed in *Orquera* in order to obtain judicial review of their amnesty determination. 357 F.3d at 415-6.

As such, this Court lacks subject matter jurisdiction over this case and must dismiss. As any attempt to amend Plaintiff's Complaint would prove futile, dismissal must be with prejudice.

## V. Conclusion

The Court lacks subject matter jurisdiction to proceed with this case. As such, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED WITH PREJUDICE. An appropriate order shall issue.

Alexandria, VA
January 12, 2010

/s/
Liam O'Grady
United States District Judge